**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HELLANE FREEMAN and DAVID COEN, on behalf of themselves and others similarly situated,<br><br>                      Plaintiffs,<br><br>v.<br><br>HOFFMANN-LAROCHE, INC. and ROCHE LABORATORIES, INC.,<br>                    Defendants. | Civil Action No.: 07-1503 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court on Defendants' motion to dismiss or strike portions of Plaintiffs' Second Amended Complaint,[1] pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f).  For the reasons set forth below, Defendants' motion is granted, in part, and denied, in part.[2]

_____

[1] The operative complaint is the Second Amended Complaint, which was filed on January 30, 2007 (hereinafter referred to as "Complaint").

[2] The Court decides this matter without oral argument. Fed. R. Civ. P. 78.  Jurisdiction is premised on (a) 28 U.S.C. §§ 1331 because this case is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, and (b) 28 U.S.C. § 1367(a) because the state law claims "form part of the same case or controversy." (Compl., ¶¶ 5, 6).

**BACKGROUND**[3]

Plaintiffs, Hellane Freeman, a New Jersey resident, and David Coen, a Kansas resident,

were employed by Defendants, Hoffman-La Roche, Inc. and Roche Laboratories, Inc.

(collectively "Defendants") as sales representatives from approximately 1997 until 2005.

(Compl., ¶¶ 9,10).

Plaintiffs commenced the instant cause of action in the Southern District of New York on

November 28, 2006,[4] on behalf of themselves and all workers similarly situated,[5] alleging

violations of the Fair Labor Standards Act ("FLSA"), the New York Minimum Wage Act, and

the New Jersey Minimum Wage Act.  (Id. ¶¶ 2, 41, 48, 59).  Generally, the Complaint alleges

that Defendants: (1) improperly classified Plaintiffs as exempt from overtime pay, (2) deprived

Plaintiffs of their overtime compensation for working in excess of forty hours per week, and (3)

failed to maintain accurate records of the hours worked by their employees.

On March 30, 2007, this case was transferred to this District from the Southern District of

New York.  Shortly thereafter, on April 4, 2007, Defendants filed the instant motion to dismiss or

---

[3] For purposes of the instant motion to dismiss, the Court accepts Plaintiffs' factual allegations as true, and relies only on the Complaint. See, e.g., Lum v. Bank of Am., 361 F.3d 217, 222 n.3 (3d Cir. 2004) ("In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

[4] The Second Amended Complaint was filed on January 30, 2007.

[5] In particular, Plaintiffs seek to represent a proposed class of persons who: (1) "have been, are, or in the future will be employed in New York by Defendants in any of the 'Covered Positions' and/or (2) "have been, are, or in the future will be employed in New Jersey by Defendants in any of the 'Covered Positions.'" (Compl., ¶¶ 25, 33).  "Covered Positions" include: (a) Sales Representatives, (b) Medical Sales Representatives, and (c) Senior Sales Representatives. (Id., ¶ 2).

strike Plaintiffs' state law class claims.  Generally, Defendants propose the following grounds for

dismissal of Plaintiffs' state law claims: (1) the opt-out Rule 23 class action is inherently

incompatible with the opt-in FLSA collective action, (2) supplemental jurisdiction should not be

exercised over the state law claims because state law issues will substantially predominate, (3)

Plaintiffs' assertion of the Rule 23 class action together with the FLSA collective action claim

violates the Rules Enabling Act, and (4) class actions are not permitted under New York Labor

Law.

## LEGAL STANDARD

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled.

Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable

inferences in favor of the non-moving party.[6] See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),

abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp.

v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000).  However, courts are not required to

credit bald assertions or legal conclusions improperly alleged in the complaint. See In re

Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997).  Similarly, legal

conclusions draped in the guise of factual allegations may not benefit from the presumption of

truthfulness. See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

A sound complaint must set forth "a short and plain statement of the claim showing that

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant

---

[6] In doing so, a court may look only to the facts alleged in the complaint and any
accompanying attachments, and may not look at the record. See Jordan v. Fox, Rothschild,
O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v.

Twombly, 127 S.Ct. 1955, 1959 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Moreover, "factual allegations must be enough to raise a right to relief above the speculative

level on the assumption that all of the complaint's allegations are true." Id.  Ultimately, however,

the question is not whether plaintiffs will prevail at trial, but whether they should be given an

opportunity to offer evidence in support of their claims. Scheuer, 416 U.S. at 236.  With this

framework in mind, the Court turns now to Defendants' motion.

## LEGAL ANALYSIS

As a preliminary matter, Defendants urge the Court to strike all references to: (a)

Defendants' alleged record-keeping violations under the FLSA, (b) Plaintiffs' request for

penalties under the New Jersey State Wage and Hour Law, and (c) the phrase "and all affiliates

and subsidiaries" from paragraph 3 of the Complaint. (Def. Br. at 1 n. 1, 25-26).  Plaintiffs do not

oppose Defendants' request. (Pl. Opp'n Br. at 3 n. 1).[7]  Accordingly, all such references are

hereby stricken from the Complaint.[8]

Defendants also propose the following four grounds for dismissal of Plaintiffs' state law

claims: (1) the opt-out Rule 23 class action is inherently incompatible with the opt-in FLSA

collective action, (2) supplemental jurisdiction should not be exercised over the

state law claims because state law issues will substantially predominate and cause confusion, (3)

---

[7] The Court notes that although Plaintiffs do not expressly agree to the removal of the phrase "and all affiliates and subsidiaries" from paragraph 3 of the Complaint, Plaintiffs do not specifically oppose such a request.

[8] To the extent that Defendants urge the Court to strike Plaintiffs' demand for a jury trial with respect to their state labor law claims, the Court declines to entertain such an argument at this stage of the litigation.  Therefore, any such request is denied, without prejudice.

Plaintiffs' assertion of the Rule 23 class action together with the FLSA collective action claim

violates the Rules Enabling Act and (4) class actions are not permitted under New York Labor

Law.   The Court will now address each argument in turn.

## A.      Inherent Incompatibility

Defendants urge the Court to dismiss or strike[9] Plaintiffs' state law claims on the basis

that "an FLSA opt-in collective action and a state law wage and hour opt-out class action are

inherently incompatible and allowing both claims to proceed together contravenes Congressional

intent." (Def. Br. at 8).  However, Defendants cite to no legal authority permitting this Court to

dismiss Plaintiffs state law claims on such a basis.  To the contrary, Defendants refer the Court to

the Third Circuit's decision in DeAsencio v. Tyson Foods, Inc., 342 F.3d 301 (3d Cir. 2003).

The Court has reviewed the DeAsencio decision and finds that such does not permit the Court to

dismiss Plaintiffs' state law claims without first conducting a thorough supplemental jurisdiction

analysis.   In particular, the Third Circuit explained that, in assessing whether a court should

exercise supplemental jurisdiction over state law claims when brought alongside an FLSA

collective action:

> A court must examine the scope of the state and federal issues, the
> terms of proof required by each type of claim, the
> comprehensiveness of the remedies, and the ability to dismiss the
> state claims without prejudice to determine whether the state claim
> constitutes the real body of the case.  This necessarily is a case-
> specific analysis.

---

[9] Federal Rule of Civil Procedure 12(f) provides that courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. See also Clark v. McDonald's Corp., 213 F.R.D. 198, 205 n. 3 (D.N.J. 2003) ("A defendant may move to strike class action allegations prior to discovery in those rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met.").

DeAsencio, 342 F.3d at 312.

Notwithstanding the foregoing, the Court is mindful that several courts within this district have dismissed similar state law class allegations solely on the basis of their "inherent incompatibility" with a collective action under the FLSA.  See, e.g., Herring v. Hewitt Assocs., Inc., No. 06-267, 2006 WL 2347875, * (D.N.J. Aug. 11, 2006) (striking plaintiffs' class allegations on the basis of their inherent incompatibility with the FLSA collective action); Himmelman v. Con'l Cas. Co., No. 06-166, 2006 WL 2347873 (D.N.J. Aug. 11, 2006) (same). Nevertheless, in light of the Third Circuit's analysis in DeAsencio, and absent any specific directive to the contrary, this Court finds that the more prudent approach in assessing whether an opt-out Rule 23 class action and opt-in FLSA collective action should proceed together in federal court is to engage in a proper supplemental jurisdiction analysis.[10]  See, e.g., Hyman v. WM Fin. Servs., Inc., No. 06-4038, 2007 WL 1657392 (D.N.J. June 7, 2007) (declining to dismiss state claims on the basis of inherent incompatibility, and, instead, engaging in supplemental jurisdiction analysis).[11]  Therefore, to the extent that Defendants urge the Court to dismiss or strike Plaintiffs' state law class action allegations solely on the basis of their "inherent incompatibility" with the asserted FLSA collective action, Defendants' motion is denied.

---

[10] See generally Lindsay v. Gov't Employees Ins. Co., 448 F.3d 416, 424 (D.C. Cir. 2006) ("While there is unquestionably a difference – indeed, an opposite requirement – between opt-in and opt-out procedures, we doubt that a mere procedural difference can curtail section 1367's jurisdictional sweep.").

[11] See also Lehman v. Legg Mason, Inc., No. 06-2484, 2007 WL 2768519 (M.D. Pa. 2007) (declining to dismiss state claims on basis of inherent incompatibility, noting that "nothing in the plain text of the FLSA reflects Congressional intent to limit the substantive remedies available to an employee under state law, nor to limit the procedural mechanism by which such a remedy may be pursued," and deferring its supplemental jurisdiction analysis to the class certification stage).

**B.    Supplemental Jurisdiction**

Defendants also urge the Court to decline to exercise supplemental jurisdiction over

Plaintiffs' state law claims, pursuant to 28 U.S.C. § 1367(c)(2), because state law issues will

substantially predominate.  (Def. Br. at 14).  In particular, Defendants point to: (1) the

"tremendous differential in the number of putative class members," and (2) Plaintiffs' assertion

that they may amend their Complaint to include claims under the laws of "other states," as

evidence that state law issues will substantially predominate over the federal claims.

As previously indicated, the Third Circuit has explained that, in determining whether

supplemental jurisdiction should be exercised, courts "must examine the scope of the state and

federal issues, the terms of proof required by each type of claim, the comprehensiveness of the

remedies, and the ability to dismiss the state claims without prejudice to determine whether the

state claim constitutes the real body of the case." DeAsencio, 342 F.3d at 312.[12]  This Court

finds that any such examination, however, would be premature at this stage of the litigation given

that  the parties have not yet engaged in discovery, nor have motions for class certification been

filed. See, e.g., Lehman, 2007 WL 2768519 at *4 (declining to conduct supplemental

jurisdiction analysis at motion to dismiss stage, and noting that "[t]he court is far better equipped

to examine the factors mitigating for or against the discretionary exercise of supplemental

jurisdiction" at the class certification stage).  In the same vein, the Court has considered the

arguments raised by Defendants in support of their request, and finds that any such arguments are

---

[12] See generally Farhy v. Janney Montgomery Scott, LLC, Nos. 06-3202, 06-3969, 2007 WL 1455764, *1 (E.D. Pa. April 26, 2007) (noting that De Asencio "made clear that the supplemental jurisdiction issue should only be decided on a complete record and not at the motion to dismiss stage.").

far too speculative at this time.  Therefore, Defendants' motion to dismiss Plaintiffs' state law

claims on the basis that this Court should decline to exercise supplemental jurisdiction over same

is denied without prejudice.[13]

## C.      Rules Enabling Act

Defendants also argue that allowing an FLSA opt-in collective action and a Rule 23 opt-

out class action to proceed together violates the Rules Enabling Act. (Def. Br. at 12).  The Rules

Enabling Act, 28 U.S.C. § 2072(b) provides that rules of procedure "shall not abridge, enlarge or

modify any substantive right."  In this regard, Defendants claim that applying Rule 23 to the

instant action would "impermissibly deprive employees of the substantive FLSA rights Congress

expressly legislated for them by effectively forcing the adjudication of their FLSA claims upon

the Rule 23 adjudication of absent class members' state law overtime claims." (Id. at 13).

Notably, however, Defendants cite to no legal authority in support of such a theory.  Therefore, to

the extent that Defendants move to dismiss Plaintiffs' state law class action claims on the basis

that allowing such claims to proceed alongside Plaintiffs' FLSA collective action  violates the

Rules Enabling Act, Defendants' motion is denied. See, e.g., Lehman, 2007 WL 2768519, *4

(finding that "the Rules Enabling Act . . . does not preclude [such] dual-filed suits" and noting

that any procedural differences between an FLSA collective action and a Rule 23 class action

"will not 'abridge, enlarge or modify' any substantive right of Plaintiff or Defendants under

---

[13] Defendants may, therefore, reassert this argument at the class certification stage, at which time all parties will have a clearer understanding of the nature and extent of this case.  At that time, the Court will be in a better position to conduct a proper assessment of all issues relating to supplemental jurisdiction, including Defendants' claim that supplemental jurisdiction should not extend to state law class members who have no FLSA claim. (Def. Br. at 17).  Should Defendants seek to raise such arguments prior to the class certification stage, they are advised to seek leave of the Court.

either statutory scheme."); Farhy v. Janney Montgomery Scott, LLC, Nos. 06-3202, 06-3969, 2007 WL 1455764, *1 (E.D. Pa. April 26, 2007) (concluding that "the alleged violation of the Rules Enabling Act finds no support in the authorities relied upon by Defendant" and noting that in DeAsencio v. Tyson Foods, Inc., 342 F.3d 301 (3d Cir. 2003), "the Third Circuit did not even suggest that the Rules Enabling Act was a factor to be considered" in determining whether state law claims could proceed alongside an FLSA collective action).

**D.     New York Labor Law**

Finally, Defendants claim that "the purported class action under the New York Labor Law should be dismissed" because "New York law does not permit class treatment for Labor Law claims." (Def. Br. at 19, 24). Plaintiffs, on the other hand, claim that because Plaintiff Freeman has waived her right to demand penalties under New York law, "her right to assert a class action under the New York Labor Law is well-settled." (Pl. Opp'n Br. at 30).

Section 901(b) of the New York Civil Practice Law and Rules ("CPLR") "disallows a class action when the statute under which the action is brought imposes a penalty. This is so unless that particular statute specifically authorizes recovery in a class action." Carter v. Frito-Lay, Inc., 74 A.D.2d 550 (N.Y. App. Div. 1980), aff'd, 52 N.Y.2d 994 (1981). Plaintiffs do not dispute that the sections of the New York Labor Law relied upon by Plaintiff Freeman[14] provide for the recovery of a "penalty," nor do Plaintiffs contend that such portions of the New York Labor Law expressly authorize recovery in a class action. Nevertheless, Plaintiffs claim that CPLR 901(b) does not bar such a class action where the plaintiff waives such penalties, so long

---

[14] Plaintiff Freeman seeks recovery under New York Labor Law §§ 198 and 663. See Compl., ¶¶ 54, 57.

as any absent class members are given the option of opting out of the class. (Pl. Opp'n Br. at 30).

The Court has considered the parties' positions and notes that the case largely relied upon by Defendants, Carter, does not address the issue of whether such a class action can proceed if the named plaintiff waives their right to liquidated damages.[15] 74 A.D.2d 550. On the other hand, Plaintiffs cite to several cases in support of their position that CPLR 901(b) does not preclude a class action so long as (a) the named plaintiff waives his right to recover punitive damages, and (b) prospective class members are given the opportunity to opt-out and preserve their claims for punitive damages. See, e.g.,  Pesantez v. Boyle Envtl. Servs., Inc., 251 A.D.2d 11 (N.Y. App. Div. 1998) (certifying class of workers seeking to recover under New York Labor Law and noting that "[t]o the extent certain individuals may wish to pursue punitive claims . . . which cannot be maintained in a class action . . . they may opt out of the class action."); Super Glue Corp. v. Avis Rent A Car Sys., Inc., 132 A.D. 2d 604, 606 (N.Y. App. Div. 1987) ("Where, as here, the statute does not explicitly authorize a class recovery thereof, the named plaintiff in a

---

[15] Similarly, this issue was not raised in Ballard v. Cmty. Home Care Referral Serv., Inc., 264 A.D.2d 747, 748 (N.Y. App. Div. 1999) (finding that the "fact that the plaintiff's complaint contains a claim for liquidated damages precludes class action relief.") (emphasis added).

Defendants reliance on Foster v. Food Emporium, No. 99-3860, 2000 WL 1737858 (S.D.N.Y. April 26, 2000), is likewise unavailing.  In stating that "[a]ttempts by plaintiffs to get around CPLR 901(b) by waving the liquidated damages remedy have been rejected by courts as undermining putative lead plaintiffs' ability to represent others who have a statutory right to the remedy," the district court in Foster relied on a single decision by the Supreme Court of New York, Woods v. Champion Courier, Inc., 10/09/98 N.Y.L.J. 26, (col. 1). Given the above referenced Appellate Division decisions – recognizing that CPLR 901(b) does not necessarily preclude a class action so long as the named plaintiff waives his right to recover punitive damages, and prospective class members are given the opportunity to opt-out – this Court is not persuaded by the Foster decision.

class action may waive that relief and bring an action for actual damages only.").[16]  In light of the

foregoing, the Court will allow Plaintiff Freeman's purported class action under New York Labor

Law to proceed at this time.

### CONCLUSION

For the reasons stated herein, this Court: (1) grants Defendants' motion to strike

references to (a) Defendants' alleged record-keeping violations under the FLSA, (b) Plaintiffs'

request for penalties under the New Jersey State Wage and Hour Law, and (c) the phrase "and all

affiliates and subsidiaries" from paragraph 3 of the Complaint; (2) denies Defendants' motion to

dismiss (or strike) Plaintiffs' state law class action claims on the basis that they are inherently

incompatible with Plaintiffs' FLSA collective action, (3) denies Defendants' motion to dismiss

Plaintiffs' state law claims on the basis that the Court lacks supplemental jurisdiction over

same,[17] and (4) denies Defendants' motion to dismiss Plaintiff Freeman's purported class action

under New York Labor Law.   An appropriate Order accompanies this Opinion.

DATE: December 14, 2007

/s/ Jose L. Linares
JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE

---

[16] See also Iglesias-Mendoza v. LaBelle Farm, Inc., 239 F.R.D. 363, 373 (S.D.N.Y. 2007) (noting that courts have routinely rejected the argument that "New York Labor Law does not permit class actions claiming liquidated damages unless expressly provided for by the statute giving rise to the cause of action" and finding no problem with plaintiffs waiving their liquidated damages "as long as notice is provided to the Rule 23 class instructing individuals how to opt-out in order to preserve their claims for liquidated damages."); Brzychnalski v. Unesco, Inc., 35 F. Supp. 2d 351, 353 (S.D.N.Y. 1999) (explaining that plaintiffs may waive their right to seek liquidated damages "and still proceed on a class basis with respect to their remaining claims, as long as prospective class members have the right to opt-out of the class action to preserve their claims for liquidated damages.").

[17] As previously indicated, the Court's denial in this regard is done without prejudice. See supra note 13.